## SUPREME COURT.

### THOMAS RAE agt. PETER LAWSER.

Where the assignee of a judgment purchased it in good faith, relying on the statement of the defendant, that no part of it had been paid, when, in fact, a payment had been made by the defendant to the plaintiff before the assignment—*held*, that the defendant could not, as against the assignee, set up such payment as a discharge of so much of the judgment.

Nor could the defendant, on confession of a judgment to another creditor, enable the latter to attack the first judgment in the hands of the assignee on account of such payment.

Where the statement of a judgment on confession is defective, the plaintiff cannot avail himself by motion of the defects in the statement on which a former judgment by the same defendant was confessed to another plaintiff.

*New-York Special Term, October*, 1859.

MOTION in behalf of Samuel F. Righter, as a subsequent judgment creditor, to set aside judgment.

SUTHERLAND, Justice.  Upon the question of fact referred to the referee to take proofs upon, whether the sum of $700, or any other sum, was paid by Lawser upon the notes, to secure Rae's liability upon which the judgment was in part confessed, it is probable, on the proofs before him, the referee came to a correct conclusion, that as between Rae and Lawser, the parties to the judgment sought to be set aside, the $700 paid by Lawser to Rae was not a loan, but in fact a payment on account of the notes, and operated as a payment of so much of the judgment.

But Rogers took the assignment of the judgment from Rae, and paid him $1,250 for it, in good faith, without notice of such $700 payment, or any other payment on the judgment, supposing no part of it had been paid ; and before he took the assignment and paid his money, Rogers called upon Lawser, told him Rae was desirous of selling the judgment to him, asked Lawser if it was all right, and whether any part of the same had been paid ; and Lawser in reply stated that the judg-

Rae agt. Lawser.

ment was all right, that no part of it had been paid, and that the whole amount thereof was due.

These facts are not disputed, and there is no doubt that Rogers bought the judgment, and took the assignment and paid $1,250, relying on such statements of Lawser.

Lawser could not, as against Rogers, set up the payment of the $700, as a payment and discharge of so much of the judgment; nor do I think that he could enable Righter to attack the judgment in the hands of Rogers, on account of such payment, by confessing a judgment to him, Righter.

This motion, then, must be decided irrespective of the question of fact so referred to the referee, and of the proofs and the opinion of the referee thereon.

The statement, on which the judgment was confessed to Rae, is clearly sufficient, except as to the last note mentioned, dated March 28th, 1855, and the $238.69 for moneys paid by Rae for Lawser, and the $103.39 for goods sold and delivered by Rae to Lawser. As to these items, under the decisions, which are certainly conflicting, I should think the statement insufficient and defective. The amount for which the note was given is not stated, and the time or times when the goods were sold and delivered and the moneys paid is not stated. Nor is it stated to whom the moneys were paid.

But the statement on which the judgment was confessed by Lawser to Righter is equally, if not more, defective. In setting out the consideration of the notes, the time or times when the moneys were loaned, and the goods, &c., sold is not stated. (*Freligh* agt. *Brink,* 16 *How. Pr.* 273; *Chappell* agt. *Chappell,* 2 *Kernan,* 215; *Dunham* agt. *Waterman,* 17 *New-York Rep.* 9.)

The statement on which Righter's judgment was entered being defective, he cannot avail himself by this motion of the defects in the statement on which the judgment to Rae was confessed.

The motion of Righter must be denied with $10 costs.